# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KENNETH G. STEEPROW,**

    **Plaintiff,**

**v.**                                                                  **Case No:   6:16-cv-215-Orl-41DAB**

**PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD, GEICO INSURANCE COMPANY, VINCENT TORPY, JR. , LISA KAHN/DAVIDSON, JUDGE MOXLEY, JUDGE MAXWELL, JUDGE BURGER, JUDGE HOLCOMB, DAVID DUGAN, THE UNITED STATES OF AMERICA, THE UNITED STATES OF AMERICA, UNITED STATES JUSTICE DEPARTMENT, STATE OF FLORIDA, FLORIDA DEPARTMENT OF JUSTICE, BLAKE COLE, COLE, SCOTT & KISSANE, P.A., SCOTT A. TURNER, TURNER & COSTA, MICHAEL R. PENFOLD, BREVARD COUNTY SHERIFF'S OFFICE, PATRICK FORMELLA, JACQUELINE A. RICE, JOHN M. HARRIS, JAMES M. SCHUMACHER, DAVID BAKER, JOHN DOE and JANE DOE,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**    **February 9, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Complaint be DISMISSED for lack of jurisdiction**.

Plaintiff Kenneth Steeprow brings this federal case against a plethora of Defendants including state court judges, the United States Justice Department, the State of Florida, and others for claims arising out of a car accident and a series of related lawsuits. In an eighty-two page Complaint, Plaintiff alleges a "race hate conspiracy" for "twenty years" and seeks compensatory damages of "$3,100,000 per year" as well as punitive damages. Doc. 1.

Plaintiff seeks to proceed in this action *in forma pauperis*. Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Plaintiff fails to allege a non frivolous cause of action within the limited jurisdiction of the federal court. 28 U.S.C. § 1915(e). This Court is without jurisdiction over Plaintiff's challenge of the state-court judgments pursuant to the *Rooker-Feldman* doctrine.

*Rooker–Feldman* is a narrow preclusion doctrine that bars a state court loser from later enlisting a federal district court to reverse his state court loss. *Scott v. Frankel*, 606 Fed. App'x 529 (11th Cir. 2015) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The United States District Court "has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923). Nor, under the *Rooker-Feldman* doctrine, may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *See Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (quoting *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988)); *see also Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). A claim is "inextricably intertwined" with the state court

judgment "if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Casale*, 558 at 1260.

Here, Plaintiff has repeatedly attempted to seek review of state court decisions in this federal Court, whether through filing of the Complaint here or attempting to remove the case (even though he was the plaintiff) from state court when he was unhappy with the state judge's rulings. Plaintiff previously filed nine other such cases[1] in this Court:

|  |  | Outcome |
|---|---|---|
| *Steeprow v. Sprechman* | Case No. 6:96-cv-01283-ACC; Civil rights | Dismissal |
| *Steeprow v. Attorney General* | Case No. 6:00-cv-01175-GAP Civil rights | Dismissed |
| *Steeprow v. Rappel* | Case No. 6:03-cv-01513-JA Civil rights | Dismissed |
| *Steeprow v. Gevity HR* | Case No. 6:04-cv-00059-ACC; Civil rights | Summary judgment granted |
| *Steeprow v. Bush* | Case No. 6:04-cv-01119-GAP-KRS; Civil rights | Dismissed |
| *Steeprow v. Staff Leasing Company* | Case No. 6:06-cv-00611-GAP-JGG; Fair Labor Standards Act | Remanded |
| *Steeprow v. AirTran Airways* | Case No. 6:08-cv-01451-GAP-DAB; Treatment on an airplane | Remanded |
| *Steeprow v. State Of Florida* | Case No. 6:14-cv-00118-ACC-KRS; Civil Rights | Denied IFP; Closed |
| *Steeprow v. Penford [Penfold]* | Case No. 6:14-cv-01204-PGB-KRS; Civil rights | Remanded |

Plaintiff contends that his most recent case "is not an effort to retry cases from the state courts." Doc. 1 at 4. However, he "seeks redress for multiple violations of Plaintiff's 'civil rights' through the illegal tactics" of the Defendants "in conspiracy with *the courts and judges*" of the state court in a "Race Hate" conspiracy because he is unhappy with the outcome of the judgments against him in those state cases. *Id*. Dating back to Plaintiff's civil rights case filed in 2000, he previously alleged race-related "conspiracies" arising out of his "false arrest and incarceration." *See Steeprow*

---

[1] The list excludes Plaintiff's social security disability appeal, *Steeprow v. Commissioner of Social Security*, Case No. 6:06-cv-01369-PCF-GJK, in which he prevailed.

- 3 -

*v. Attorney General,* Case No. 6:00-cv-01175-GAP (Doc. 149).

Beginning in 2014, Plaintiff started filing pleadings in this federal court attempting to stop or seek review of the same state court actions in a case arising out of the identical January 28, 2010 car accident that is the crux of his Complaint in his current case. On January 24, 2014, Plaintiff filed an Emergency Petition for Protective Order "by reason of extreme racial hate and judicial bias by the lower court through concert between judges with 'violations under color law'" in two state court lawsuits[2] "in a continuing effort to stop or block 'access to the courts'" involving claims of the other driver, Michael Penfold, and Hartford Insurance Company. *Steeprow v. Penfold*, Case No. 6:14-cv-118-22KRS, Doc. 1. Plaintiff's Motion to Proceed *In Forma Pauperis* and Motion for Protective Order were denied without prejudice and the case was eventually closed when no amended pleadings were filed. *Id*.

About six months later, on July 24, 2014, Plaintiff attempted to remove the personal injury case that *he* had filed in state court against Michael Penfold, Hartford Insurance Companies, and GEICO Insurance Company. *Steeprow v. Penfold*, Case No. 6:14-cv-1204-40KRS (Doc. 1-1). The removal by Plaintiff was stricken and the case was remanded to state court. *Id*.

Now, in his most recent Complaint filed on February 9, 2016, Plaintiff for the third time complains of the outcome of cases arising out of the January 28, 2010 car accident, once again suing Michael Penfold, Hartford Insurance, GEICO Insurance, and this time adding seven of the presiding trial and appellate court judges, the litigants, the attorneys and law firms involved, the "Middle District of Florida Federal Court," the Bankruptcy Court, and Department of Justice, and the State of Florida. Doc. 1.

---

[2]Case No. 05-2011-CA-53592 and the "separate but sister suit," 05-2010-CA-047796.

Plaintiff's claims are nothing more than an attempt to have this federal court review the decisions of the state trial court and appellate court. Plaintiff alleges "an ongoing conspiracy between private parties and the courts" under color of law in five state court cases: Case Nos. 05-2010-CA-047786, 05-2011-CA 53592, 05-2011-CA-30244, 05-2011-CA-30246. Doc. 1 at 4. He further alleges the courts have violated constitutional law and rules and "willfully sanctioned the illegal tactics of insurers." *Id*.

When, as in this case, "the relief a plaintiff seeks is federal district court review of an earlier state court order against him, no set of facts, however favorable, will give the court jurisdiction to consider that relief." *See Exxon Mobil*, 544 U.S. at 284 (applying *Rooker–Feldman* to cases in which the plaintiff is "inviting district court review and rejection of those judgments"). District courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486.

In this case, the Court does not have jurisdiction over Plaintiff's conspiracy claims that seek to reverse the rulings by the state court judges[3] (whom Plaintiff has named as Defendants)—rulings to dismiss his cases which were disposed of by the judges either through summary judgment or directed verdict, according to Plaintiff's own allegations in the Complaint. Doc. 1 at 9. *See, e.g., Scott v. Frankel*, 606 F. App'x 529, 532 (11th Cir.), *cert. denied*, 136 S. Ct. 116 (2015) (dismissing claims alleging conspiracy and violation of constitutional rights challenge to the state court's decision to suspend attorney).

---

[3]Plaintiff has added allegations against "federal agencies" who were allegedly "advised of the civil rights violations."

Under the *Rooker-Feldman* doctrine, the Court is without jurisdiction over Plaintiff's claims. It is **RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* be denied and that the Complaint be **DISMISSED** for lack of jurisdiction.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on March 14, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy