UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KENNETH G. STEEPROW,**

   **Plaintiff,**

v.               Case No: 6:16-cv-215-Orl-41DAB

**PROPERTY & CASUALTY
INSURANCE COMPANY OF
HARTFORD, GEICO INSURANCE
COMPANY, VINCENT TORPY, JR. ,
LISA KAHN/DAVIDSON, JUDGE
MOXLEY, JUDGE MAXWELL, JUDGE
BURGER, JUDGE HOLCOMB, DAVID
DUGAN, THE UNITED STATES OF
AMERICA, THE UNITED STATES OF
AMERICA, UNITED STATES JUSTICE
DEPARTMENT, STATE OF FLORIDA,
FLORIDA DEPARTMENT OF
JUSTICE, BLAKE COLE, COLE,
SCOTT & KISSANE, P.A., SCOTT A.
TURNER, TURNER & COSTA,
MICHAEL R. PENFOLD, BREVARD
COUNTY SHERIFF'S OFFICE,
PATRICK FORMELLA, JACQUELINE
A. RICE, JOHN M. HARRIS, JAMES M.
SCHUMACHER, DAVID BAKER,
JOHN DOE and JANE DOE,**

   **Defendants.**
_____/

**ORDER**

  THIS CAUSE is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis*. United States Magistrate Judge David A. Baker issued a Report and Recommendation ("R&R," Doc. 9), which recommends that the Court deny Plaintiff's motion and dismiss his Complaint (Doc. 1) because the Court is without jurisdiction over Plaintiff's suit

pursuant to the *Rooker-Feldman* doctrine. Plaintiff filed an objection to the R&R. ("Objection," Doc. 10).

After an independent *de novo* review, the Court agrees with the findings of fact and conclusions of law set forth in the R&R. Thus, Plaintiff's Objection will be overruled and the R&R will be affirmed and adopted.

## I. BACKGROUND

On February 9, 2016, *pro se* Plaintiff Kenneth Steeprow brought suit against twenty-seven Defendants for claims arising out of a car accident that occurred on January 28, 2010, and a series of related lawsuits. (Doc. 1 at 6). Specifically, Plaintiff's prolix Complaint alleges that Defendants engaged in a "race hate conspiracy" that deprived Plaintiff of his "civil and lawful rights." (*Id.* at 6–82). As a result of Defendants alleged "illegal tactics," Plaintiff asserts that he has "suffered serious injuries, mental and physical." (*Id.* at 4). Therefore, he seeks compensatory damages in the amount of "$3,100,000 per year" and punitive damages. (*Id.* at 58–82).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III.   ANALYSIS

In the instant matter, Judge Baker recommends that this action be dismissed because Plaintiff seeks to have the Court review final decisions of state and appellate courts, which is prohibited under the *Rooker-Feldman* doctrine. (R&R at 5). Plaintiff objects to the R&R, arguing that he "does not and never did intend . . . to seek reversal of the state court rulings." (Obj. at 1).

As Judge Baker explained, under the *Rooker–Feldman* doctrine, a state-court loser is barred from later enlisting a United States district court to reverse his state-court loss. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies not only to issues actually presented to and decided by a state court, but also hearing constitutional claims that are inextricably intertwined with questions ruled upon by a state court. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). A claim is "inextricably intertwined" with the state court judgment "if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (citations and quotations omitted).

While Plaintiff is adamant that he does not seek review of earlier state court decisions, in his Complaint he explicitly seeks redress for injuries that resulted from, or are inextricably intertwined with, state court judgments. To put it more simply, Plaintiff seeks damages that arise out of the allegedly incorrect treatment and rulings in state court proceedings. Thus, Plaintiff's alleged harms could only be redressed upon a finding that the state court's judgments were wrong. Pursuant to the dictates of *Rooker–Feldman*, this Court lacks jurisdiction over such claims. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is due to be denied and dismissal of the Plaintiff's Complaint is warranted.

## IV.  CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 9) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Objection (Doc. 10) is **OVERRULED**.

3. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED**.

4. The Complaint (Doc. 1) is **DISMISSED** for lack of subject-matter jurisdiction.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 30, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party